IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. KATHY DECKER, | ) |
|           **Plaintiff,** | ) |
| vs. | ) Case No.: 15-CV-385-JHP-PJC |
| 1. DELAWARE COUNTY SOLID WASTE AUTHORITY, a public trust | ) |
|           **Defendant** | ) |

### NOTICE AND PETITION OF REMOVAL

The Defendant, the Delaware County Solid Waste Authority, a public trust, hereby gives notice of its removal of the action currently pending in the District Court of Delaware County, State of Oklahoma, pursuant to 28 U.S.C. § 1441 *et seq.* and Fed. R. Civ. P. 81(c). In support of its Notice and Petition of Removal, Defendant would show the Court as follows:

    1.    The captioned proceeding was filed on June 18, 2015 in the District Court of Delaware County, State of Oklahoma, and is styled as *Kathy Decker, Plaintiff v. Delaware County Solid Waste Authority, a public trust*, Case No. CJ-15-99.

    2.    A copy of the Petition was served upon the Defendant on or about June 25, 2015.

    3.    The captioned proceeding includes claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et seq.*, and the Family Medical Leave

Act, 29 U.S.C. § 2601, *et seq.*, ("FMLA"), which are federal statutes, as well as state law claims under the Oklahoma Anti-Discrimination Act, 25 O.S. §1101, *et seq.*

4.     The United States District Court for the Northern District of Oklahoma has original subject matter jurisdiction of this case pursuant to 28 U.S.C. § 1331. More specifically, Plaintiff alleges that at the time of her separation from employment, her rights under the ADA and the FMLA were violated.  Pursuant to 28 U.S.C. §1446 and Local Rule 81.2, a copy of the following is attached:

Exhibit 1     Petition

Exhibit 2     Summons

Exhibit 3     Entry of Appearance of Leah Roper

Exhibit 4     Entry of Appearance of Mark Hammons

Exhibit 5     Summons Return

Exhibit 6     State Court Docket Sheet

WHEREFORE, Defendant, Delaware County Solid Waste Authority, respectfully requests that this action be removed from the District Court of Delaware County, State of Oklahoma, to the United States District Court for the Northern District of Oklahoma, and for such other and further relief as the Court deems proper under the circumstances.

Respectfully submitted,

S/Jordan L. Miller
Jordan L. Miller, OBA No. 30892
COLLINS, ZORN & WAGNER, P.C.
429 N.E. 50th Street, Second Floor
Oklahoma City, OK 73102
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
Email: jordan@czwglaw.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

This is to certify that on July 13, 2015, a true and correct copy of the above and foregoing was sent by U.S. certified mail, return receipt requested, postage prepaid, to the following counsel of record:

Mark E. Hammons
Amber L. Hurst
Leah M. Roper
HAMMONS, GOWENS, & ASSOCIATES
325 Dean A. McGee Avenue
Oklahoma City, OK 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Attorneys for Plaintiff

S/Jordan L. Miller
Jordan L. Miller

IN THE DISTRICT COURT OF DELAWARE COUNTY
STATE OF OKLAHOMA

1. KATHY DECKER,

   Plaintiff,

v.                                                Case No. CJ-15- 99

1. DELAWARE COUNTY SOLID
   WASTE AUTHORITY, a public
   trust,

   Defendant.

**FILED**
JUN 18 2015
CAROLINE M. WEAVER
DELAWARE CO. COURT CLERK

## PETITION

**COMES NOW THE PLAINTIFF** and hereby pleads her claims as follows:

### PARTIES

1. The Plaintiff is Kathy Decker, an adult resident of Delaware County, Oklahoma.

2. The Defendant is Delaware County Solid Waste Authority, a public trust operating in Delaware County, Oklahoma.

### VENUE

3. Plaintiff's claims are for discrimination and retaliation, including termination, in violation of the Americans with Disabilities Act and Oklahoma's Anti-Discrimination Act. Plaintiff also brings claims for discrimination and retaliation for asserting her rights under the Family Medical Leave Act.

4. Venue is provided by 42 U.S.C. § 2000e-5 and 29 U.S.C. § 2617. Plaintiff's residence is in Delaware County and all actions complained of occurred in Delaware County, Oklahoma, and the Defendant may be served in that county. Wherefore venue is proper in Delaware County.

### STATEMENT OF FACTS

1. Plaintiff had worked more than one (1) year for the Defendant at the time of her termination and had worked more than 1250 hours during the twelve (12) months

EXHIBIT 1

prior to termination. Plaintiff had not used twelve (12) weeks of leave during the prior twelve (12) months. Therefore, Plaintiff was an eligible employee under the FMLA.

2. The Defendant is a public trust and therefore is a covered employer under the FMLA.

3. Plaintiff was First Deputy for Delaware County Solid Waste beginning in approximately 2009 until her termination on or around September 11, 2014.

4. Plaintiff is a person with a disability as defined by the three prongs of the Americans with Disabilities Act in that she has had repeated occurrences of malignant melanoma (cancer) for which she have received treatment and requires regular screenings with a physician to monitor spots and identify additional occurrences. Such disability substantially impairs the major bodily function of cell growth and division.

5. Plaintiff's disability constitutes a serious health condition for which Plaintiff is entitled to protected leave under the Family Medical Leave Act.

6. Around June 2014, Kent Vice became the General Manager and Plaintiff's supervisor.

7. Around August 2014, Plaintiff notified Mr. Vice of her need to take one day's leave for a doctor's appointment that had been approved by her prior supervisor for cancer screening and took such leave on August 15, 2014.

8. Such leave was a reasonable accommodation under the ADA, and would constitute protected leave under the FMLA.

9. Following Plaintiff's August leave for medical treatment, Mr. Vice became increasingly confrontational toward Plaintiff, including but not limited to:

   A. Asking Plaintiff questions about her work and getting angry and/or aggressive when she answered him;

   B. Ignoring the Plaintiff entirely;

   C. Walking away when Plaintiff would request information or guidance;

   D. Looming over Plaintiff angrily when Plaintiff would present her work to him.

10. After Plaintiff notified Mr. Vice of her disability and treatment, Mr. Vice repeatedly told Plaintiff that Defendant was concerned with how much it paid for insurance premiums and requested Plaintiff provide itemized listings of such premiums. Vice also requested information regarding requirements under the Oklahoma Public Employees Retirement System to provide benefits for workers.

11. Mr. Vice began hiring part time employees to avoid paying insurance and retirement benefits, later offering employees a monetary bonus for dropping their health insurance coverage with Defendant.

12. Around the end of August, Plaintiff discussed another employee's FMLA leave status with Mr. Vice. Mr. Vice became confrontational about why Defendant had to provide such leave. Plaintiff explained it is the Defendant's duty to provide such leave when appropriate, as with other employees and Vice became angry and left.

13. Around early September, Plaintiff notified Mr. Vice of an additional doctor's appointment on or around November 11, 2014, regarding a cancer screening and requested the reasonable accommodation of taking the day off. Mr. Vice ignored Plaintiff's request.

14. Plaintiff's request for leave constituted a reasonable accommodation under the ADA and protected leave under the FMLA.

15. Approximately one week after Plaintiff's requested leave, around September 11, 2014, Mr. Vice terminated Plaintiff's employment and told Plaintiff the reason was "Delaware County no longer needed [her] services." Claimant requested a pay cut and/or demotion to continue working for Respondent, however Mr. Vice became angry and refused Claimant's request, terminating her and giving her five minutes to leave the premises.

16. The reason provided for Plaintiff's termination is pretextual in that Plaintiff was replaced by an under-qualified employee who, upon information and belief, is not a

person with a disability and does not require FMLA leave.

17. On information and belief, Plaintiff's termination was the sole decision of Mr. Vice and was not executed pursuant to Delaware County Solid Waste's procedural requirements that the Board of Trustees make employment decisions. Specifically, such action was not approved by the Board of Trustees during its meeting(s) as required by the Open Meetings Act, 25 O.S. §§ 305, 306.

18. As a direct result of Defendant's actions Plaintiff has suffered lost wages (including back, present and front pay along with the value of benefits associated with such wages), and dignitary harm/emotional distress type damages including stress, worry, sadness, weight loss, upset stomach and similar unpleasant emotions and depression.

19. Plaintiff has exhausted her administrative remedies by timely filing a charge of discrimination on September 30, 2014. The EEOC issued Plaintiff's right to sue letter for her charge on March 24, 2015, and Plaintiff received such letter thereafter. This complaint is timely filed within ninety days of Plaintiff's receipt of her right to sue letter.

20. Plaintiff timely filed a tort claim notice under the Governmental Tort Claims Act (GTCA) on or about October 10, 2014, which is timely as within one year of Plaintiff's termination. No action was taken on such claim and it was deemed denied ninety (90) days thereafter. This action was timely filed within 180 days of such deemed denial.

## COUNT I

For Plaintiff's first cause of action she incorporates the allegations set forth above and further provides that:

21. Discrimination on the basis of a disability, including a disability in the form of a perceived impairment, is a violation of the Americans with Disabilities Act and Oklahoma's Anti-Discrimination Act.

22. Under this Count Plaintiff is entitled to compensation for her lost earnings (past, present and future along with the value of benefits associated with such earnings), for both the state and federal claims and, for the federal claim, emotional distress/dignitary damages, attorney fees and costs.

23. As a matter of state law, the Plaintiff is entitled to liquidated damages for the wage and benefit loss arising from the termination.

## COUNT II

For Plaintiff's second cause of action she incorporates the allegations set forth above and further provides that:

24. The termination of Plaintiff's employment prior to her taking of FMLA leave is an interference with Plaintiff's FMLA leave rights. Because the termination followed Plaintiff's announcement of her intention to take such leave, it is also in retaliation for the protected act of seeking leave.

25. Defendant's actions were a violation of Plaintiff's FMLA rights, and are therefore, willful as defined by the FMLA.

26. As a result, of such interference, and retaliation Plaintiff has suffered wage and benefit loss (past, present and future), for which she is entitled to compensation which also, includes, interest on the wage and benefit loss which accrues prior to trial.

27. Because Defendants' actions are willful, Plaintiff is entitled to liquidated damages, which is an amount equal to the value of the wages, benefits, and interest up through the date of trial.

## PRAYER

Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant and grant her all compensatory damages suffered together with punitive damages, liquidated damages, attorneys' fees, costs and interest and such other legal and equitable relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED THIS 17th DAY OF JUNE, 2015.

    HAMMONS, GOWENS, HURST
    & ASSOCIATES

    _____
    Mark E. Hammons, OBA #3784
    Amber L. Hurst, OBA # 21231
    Leah M. Roper OBA # 32107
    HAMMONS, GOWENS & ASSOCIATES
    325 Dean A. McGee Avenue
    Oklahoma City, Oklahoma 73102
    Telephone: (405) 235-6100
    Facsimile: (405) 235-6111
    Leah@hammonslaw.com
    *Counsel for Plaintiff*
    ATTORNEY'S LIEN CLAIMED

## IN THE DISTRICT COURT OF DELAWARE COUNTY
## STATE OF OKLAHOMA

| | | |
|---|---|---|
| 1. KATHY DECKER, | ) | |
|     Plaintiff, | ) | |
| v. | ) | Case No. CJ-15- 99 |
| 1. DELAWARE COUNTY SOLID WASTE AUTHORITY, a public trust, | ) | |
|     Defendant. | ) | |

### SUMMONS

To the above named Defendant:   Delaware County Solid Waste Authority
Attn: Clerk
P.O. Box 330
Jay, Oklahoma 74346

You have been sued by the above-named Plaintiff, and you are directed to file a written answer to the attached petition in the court at the above address within **twenty (20) days** after service of this summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the Plaintiff.

Unless you answer the petition within the time stated, judgment will be rendered against you with costs of the action.

Issued this __18__ day of JUNE, 2015.

CAROLINE WEAVER, COURT CLERK

(Seal)

By _____
                Deputy Court Clerk

Attorney for Plaintiff:

Mark Hammons, OBA #3784
Leah M. Roper, OBA # 32107
HAMMONS, GOWENS, HURST & ASSOC.
325 Dean A. McGee Ave.
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Fax (405) 235-6111

This summons was served on _____.

_____
Signature of person serving summons

1

EXHIBIT 2

IN THE DISTRICT COURT OF DELAWARE COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| 1. | KATHY DECKER, | ) |
| | Plaintiff, | ) ) ) |
| v. | | ) Case No. CJ-15-99 ) |
| 1. | DELAWARE COUNTY SOLID WASTE AUTHORITY, a public trust, | ) ) ) ) |
| | Defendant. | ) ) |

**FILED JUN 18 2015 CAROLINE M. WEAVER DELAWARE CO. COURT CLERK**

### ENTRY OF APPEARANCE

**COMES NOW** Leah Roper of Hammons, Gowens, Hurst & Associates, and hereby enters her appearance as an attorney for the Plaintiff in the above captioned action. I certify that I am admitted to practice in this Court.

**RESPECTFULLY SUBMITTED THIS 17th DAY OF JUNE, 2015.**

HAMMONS, GOWENS & HURST
Leah Roper, OBA # 32107
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Email: leah@hammonslaw.com

**JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED**

EXHIBIT 3

**IN THE DISTRICT COURT OF DELAWARE COUNTY**
**STATE OF OKLAHOMA**

| | |
|---|---|
| 1.   KATHY DECKER, | ) |
| Plaintiff, | ) |
| v. | )   Case No. CJ-15-99 |
| 1.   DELAWARE COUNTY SOLID WASTE AUTHORITY, a public trust, | ) |
| Defendant. | ) |

**FILED**
JUN 18 2015
CAROLINE M. WEAVER
DELAWARE CO. COURT CLERK

## ENTRY OF APPEARANCE

**COMES NOW** Mark Hammons of Hammons, Gowens, Hurst & Associates, and hereby enters his appearance as an attorney for the Plaintiffs in the above captioned action. I certify that I am admitted to practice in this Court.

**RESPECTFULLY SUBMITTED THIS 17 DAY OF JUNE, 2015.**

HAMMONS, GOWENS & HURST
Mark Hammons, OBA # 3784
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Email: mark@hammonslaw.com

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**

EXHIBIT 4

IN THE DISTRICT COURT OF DELAWARE COUNTY
STATE OF OKLAHOMA

**FILED**
JUL - 6 2015
CAROLINE M. WEAVER
DELAWARE CO. COURT CLERK

| | | |
|---|---|---|
| 1. | KATHY DECKER, | ) |
| | Plaintiff, | ) |
| v. | | ) Case No. CJ-15-99 |
| 1. | DELAWARE COUNTY SOLID WASTE AUTHORITY, a public trust, | ) ) ) |
| | Defendant. | ) |

### SUMMONS

**To the above named Defendant:**   Delaware County Solid Waste Authority
Attn: Clerk
P.O. Box 330
Jay, Oklahoma 74346

You have been sued by the above-named Plaintiff, and you are directed to file a written answer to the attached petition in the court at the above address within **twenty (20)** days after service of this summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the Plaintiff.

Unless you answer the petition within the time stated, judgment will be rendered against you with costs of the action.

Issued this __18__ day of JUNE, 2015.

**CAROLINE WEAVER, COURT CLERK**

(Seal)

By _____
Deputy Court Clerk

Attorney for Plaintiff:

Mark Hammons, OBA #3784
Leah M. Roper, OBA # 32107
HAMMONS, GOWENS, HURST & ASSOC.
325 Dean A. McGee Ave.
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Fax (405) 235-6111

**This summons was served on** _Delaware County Solid Waste Authority_

_____
Signature of person serving summons

1

EXHIBIT 5

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Delaware County Solid Waste Authority
Attn: Clerk
P.O. Box 330
Jay, OK 74346

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☒ Agent  ☐ Addressee

B. Received by (Printed Name): Kent E. Vice
C. Date of Delivery: JUN 25

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Priority Mail Express™
   ☐ Registered       ☒ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Transfer from service label):
7013 2630 0000 8453 4639

PS Form 3811, July 2013     Domestic Return Receipt

Case 4:15-cv-00385-JHP-PJC   Document 2 Filed in USDC ND/OK on 07/13/15   Page 15 of 16

"DECKER, KATHY vs. DELAWARE COUNTY SOLID WASTE " (CJ-2015-00099) | ...   Page 1 of 2

| Case Information | Offense or Cause |
|---|---|
| **DECKER, KATHY vs. DELAWARE COUNTY SOLID WASTE** | # CIVIL MONEY JUDGMENT OVER 10,000 |

| | |
|---|---|
| Case Identifier | Delaware OK — CJ-2015-00099 |
| Type of Case | Civil Cases in which the relief sought exceeds $10,000 |
| Date Filed | 06/18/2015 |
| Amount Owed | $0.00 (as of 07/13/2015 09:01am) |

## Parties Involved

| | |
|---|---|
| Judge | HANEY, ROBERT G. |
| Plaintiff | DECKER, KATHY |
| Defendant | DELAWARE COUNTY SOLID WASTE |
| Plntf Atty. | HAMMONS, GOWENS, HURST & ASSOC *of Oklahoma City OK* |

## Case entries

| Date | Description | Amount | Images |
|---|---|---|---|
| 06/18/2015 | FILE AND ENTER PETITION | $163.00 | 6 images |
| | LAW LIBRARY ASSESSMENT | $6.00 | |
| | DISPUTE MEDIATION ASSESSMENT | $2.00 | |
| | OKLAHOMA COURT INFORMATION SYSTEM FEE - EFFECTIVE 7/1/04 | $25.00 | |
| | LENGTHY TRIAL FUND FEE | $10.00 | |
| | OK COURT APPOINTED SPECIAL ADVOCATES | $5.00 | |
| | 10% OF CASA TO COURT CLERK REVOLVING FUND | $0.50 | |
| | OK COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND | $2.00 | |
| | 10% OF COJC TO COURT CLERK REVOLVING FUND | $0.20 | |
| 06/18/2015 | ISSUING ONE SUMMONS | $5.00 | |
| 06/18/2015 | ENTRY OF APPEARANCE - LEAH ROPER FOR PLAINTIFF | | 1 image |
| 06/18/2015 | ENTRY OF APPEARANCE - MARK HAMMONS FOR PLAINTIFF | | 1 image |
| 07/06/2015 | SUMMONS RETURN OF SERVICE - CERTIFIED MAIL TO DELAWARE | | |
| **Grand Total** | | **$218.70** | |

EXHIBIT 6

| Date | Description | Amount | Images |
|---|---|---|---|
| | COUNTY SOLID WASTE SIGNED BY KENT E. VICE ON 6/25/15 | | 2 images |
| **Grand Total** | | **$218.70** | |

## Receipts

| Date | Description | Amount |
|---|---|---|
| 06/18/2015 | R7-259944 HAMMONS AND ASSOCIATES, INC. | $218.70 |
| **Grand Total** | | **$218.70** |